In the Matter of the NATIONAL SURETY COMPANY (ANDERSON).

Supreme Court, Special Term, New York County, January 18, 1938.

*Michel & Rhodie,* for the claimant.

*Edward F. Keenan,* for the Superintendent of Insurance.

McGEEHAN, J. Motion is denied. The facts presented by the movant do not warrant a conclusion that the filing of the claim after the expiration of the due date exempts the claimant from the operation of the Insurance Law of this State and the order of liquidation entered in pursuance thereof. A claim was made against the surety and was not approved. As a result the receiver of the insolvent

national bank instituted an action against the surety along with other sureties in the State of Ohio. This action was removed to the Federal court in that State. The surety company was represented in that action by attorneys. It appears that before judgment the surety company here was placed in liquidation by the Insurance Department of the State of New York and in accordance with the Insurance Law.

The attorneys representing the surety company before liquidation withdrew from the action in Ohio, as they did not then represent the Insurance Department. The Ohio action then proceeded to judgment against the surety company as upon a default of appearance. There was no attempt to substitute the Insurance Department in place of the surety in liquidation, if such was possible, which I do not think could have been done. That action did not and could not interfere with the possession and control of affairs of the surety in liquidation, and at best there was a determination *in personam* against the surety corporation. The receiver in the Ohio action could not be restrained from prosecuting the action to judgment. The receiver was not subject to jurisdiction of the New York State courts. The receiver had the option of filing and proving the claim in New York State, if such claim was timely filed.

A claim was filed after the expiration of time provided for in the order of liquidation and accepted as a deferred claim pursuant to section 424, subdivision 2, of the Insurance Law of the State of New York, and the receiver so notified. Thereafter, the receiver prosecuted the Ohio action to judgment. The judgment in Ohio may be in effect a judgment *in personam* as to the amount found due. It is not effective as against the *res* of the corporation in liquidation. The continuance of the action in Ohio did not in any sense extend the time to file the unliquidated claim or the claim liquidated in so far as the judgment is concerned. The judgment is not effective against the property of the corporation in liquidation nor does it affect the manner of distribution of the property of the corporation as administered by the liquidator. I am satisfied that the liquidator has given notice as required by the statute and the order of liquidation and that the claim not being timely filed it may not be considered as a general claim but merely as a deferred claim.

The case of *The Greyhound* (68 F. [2d] 832) does not aid the movant in the collection of the judgment, as the judgment did not and could not, it seems to me, direct the liquidator to accept the judgment as an allowed claim. The liquidator was not within the jurisdiction of the Federal court, and no such order of acceptance could be granted.

The motion is in all respects denied.